# United States District Court
# Central District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>   v.<br><br>PATRICK JEVON JOHNSON, CHARLES EVERETT (aka CHARLY EVERETT), FRANK EKEJIJA, AND NVC FUND, LLC<br><br>             Defendants. | Case № 2:20-cv-08985-ODW (DFMx)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT FRANK EKEJIJA [76] AND DENYING MOTION TO DISMISS [86]** |

## I. INTRODUCTION

The Securities and Exchange Commission (the "SEC") brought this action against Defendant Frank Ekejija and others for fraud in the connection with the purchase or sale of securities, in violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder. Ekejija, who is proceeding pro se, has filed numerous documents in this action but no Answer, despite several extensions of time and orders to do so. Upon the SEC's request, the Clerk of the Court entered Ekejija's default; the SEC now moves for entry of default judgment against him. (*See* Mot. Default J.

Ekejija ("Motion" or "Mot."), ECF No. 76.) On June 21, 2021, the Court heard argument from the parties on the Motion. (Min. Mot. Hr'g, ECF No. 85.) The Court ordered Ekejija to file an Answer within seven days or default judgment would be entered against him. (*Id.*) Ekejija has not filed an Answer. Accordingly, for the reasons that follow, the Court **GRANTS** the SEC's Motion, in part, and enters default judgment against Defendant Ekejija.

## II. BACKGROUND

On September 30, 2020, the SEC initiated this federal securities fraud action against Defendants Patrick Jevon Johnson, Charles Everett, Ekejija, and NVC Fund, LLC (Ekejija's company), alleging they engaged in a two-part scheme to manipulate the stock market. (Compl. ¶¶ 4–11, ECF No. 1.) The SEC alleges Johnson, Ekejija, and NVC Fund engaged in the second part of the scheme, making false and misleading public statements to pump the stock of three microcap[1] issuers controlled by Johnson. (*Id.* ¶¶ 8–10, 183–268; Mot. 1, 2–4.) In a series of six press releases and an SEC filing, Johnson and the microcap issuers made false and misleading statements, including that the issuers acquired $700 million in assets from NVC Fund, and that NVC Fund's parent, NVC Fund Holding Trust, owned "trillions" of dollars in assets. (Mot. 3.) Ekejija knowingly reviewed and approved these false and misleading statements, which claimed the valuations had been audited and that NVC Fund Holding Trust's valuation and credit rating were legitimate; however, no audit had been conducted and the valuations were unsupported. (*Id.* at 3–4.)

### A. Relevant Procedural History

On October 3, 2020, the SEC served Ekejija. (Am. POS Ekejija, ECF No. 48.) His Answer was due by October 25, 2020. On October 28, 2020, the Court received

---

[1] A microcap is a stock with a market cap of between $50 million and $300 million. They provide less publicly available information, are more vulnerable to investment fraud schemes, and are among the riskiest investments. U.S. SEC, *Microcap Stock: A Guide for Investors*, https://www.sec.gov/reportspubs/investor-publications/investorpubsmicrocapstockhtm.html#WhatIs (Sept. 18, 2013).

Ekejija's request for a ninety-day extension of time to respond to the Complaint. (Req. Extension, ECF No. 18.) The SEC did not oppose a thirty-day extension. (Non-Opp'n, ECF No. 20.) The Court granted Ekejija until November 25, 2020, to respond to the Complaint. (Min. Order, ECF No. 21.)

On December 1, 2020, Ekejija filed a document entitled "Affidavit," which did not respond to the SEC's allegations. (Aff., ECF No. 29.) The SEC moved to strike the Affidavit, (Mot. Strike, ECF No. 39), and Ekejija did not oppose. On January 25, 2021, the Court granted the unopposed motion to strike. (Order Granting Mot. Strike, ECF No. 44.) The Court ordered Ekejija to file an Answer by February 15, 2021, cautioned him that failure may subject him to default and/or default judgment, and advised him of resources available through the Federal Pro Se Clinic. (*Id.* at 3.)

When Ekejija did not timely Answer, on February 22, 2021, the SEC requested that his default be entered. (Am. Req. Default Ekejija, ECF No. 50.) The Clerk entered Ekejija's default the same day. (Default Ekejija, ECF No. 51.) The next day, Ekejija filed several documents, including a "Claim" for "Trespass" against the SEC and its attorneys, (ECF Nos. 55–56); a series of forms for "Violation Warnings," (ECF No. 57); and Interrogatories (ECF No. 58)—but not a responsive pleading. As his default had been entered, on March 2, 2021, the filings were stricken and the Court advised Ekejija that he must first move to set aside the default before he may appear. (Min. Order, ECF No. 61.)

**B.    The Current Motion**

On May 21, 2021, the SEC filed the instant motion for entry of default judgment against Ekejija, with a motion hearing noticed on June 21, 2021. (*See* Mot.) Any opposition was due by May 28, 2021. *See* C.D. Cal. L.R. 7-9; Fed. R. Civ. P. 6(a)(2). On May 30, 2021, Ekejija filed several documents: "Motion to Deny Proposed Default Judgment Due to Several Violations by the SEC of Federal Rules and the UCC's [sic]," (ECF No. 79); "Memorandum of Authorities," (ECF No. 80); and "Interrogatory Discovery," (ECF No. 78). As these documents again did not

comply with myriad Local Rules, on June 2, 2021, the Court struck them and again advised regarding the resources available through the Federal Pro Se Clinic. (Min. Order, ECF No. 82.) Ekejija filed versions of the same documents on June 17, 2021, which were similarly rejected. (*See* Notice Doc. Discrepancy, ECF No. 84.)

In the rejected and stricken filings, and again at the hearing on the Motion, Ekejija argued that the SEC, and its attorneys personally, are committing fraud and trespass against him and the court, and that the SEC has no contract with him and was not damaged. (*Id.*, Attach. 1 ("Re: Pl. SEC's Mot.") 1–2 (rejected).) Regarding retaining legal counsel, he wrote, "The B.A.R. attorneys have repeated demands for me to hire an attorney subject to the [Local Rules], but every one of those attorneys are foreign agents, specifically, foreign to the United States of America Republic. I do not wish to entrap a foreign agent into a treasonous situation." (*Id.* at 6 (rejected).)

At the hearing on this Motion on June 21, 2021, the Court ordered Ekejija to file an Answer within seven days of the hearing or default judgment would be entered against him. (*See* Min. Mot. Hr'g.) On June 28, 2021, Ekejija instead filed a Motion to Dismiss asserting the same arguments as above. (Mot. Dismiss, ECF No. 86.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under FRCP 55(a). If the plaintiff has satisfied certain procedural requirements, a district court has discretion to enter default judgment, based on consideration of the "*Eitel* factors." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). When an action involves multiple defendants, the court may enter a final judgment as to fewer than all

| | |
|---|---|
| 1 | defendants "only if the court expressly determines that there is no just reason for |
| 2 | delay." Fed. R. Civ. P. 54(b). |

### IV. ANALYSIS

The SEC requests that the Court enter default judgment against Ekejija, grant a permanent injunction prohibiting future securities violations, and order him to pay a $195,047 civil penalty. (Mot. 1–2.) The record before the Court demonstrates default judgment is appropriate and there is no just reason for delay.

#### A. Procedural Requirements

Local Rules require the party seeking entry of default judgment to establish: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1. The SEC has submitted a declaration that satisfies these procedural requirements. (*See* Decl. of Michael R. Sew Hoy ¶¶ 2, 3, 13–16, ECF No. 76-2.)

#### B. The *Eitel* Factors

In determining whether entry of default judgment is appropriate, courts consider the *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the FRCP favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

**First**, the SEC would suffer prejudice absent default judgment because it would be without other recourse for relief against Ekejija. *See PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) (finding the possibility of prejudice exists where plaintiffs would likely be without other recourse). The **second** and **third** *Eitel* factors also favor default judgment, as the SEC alleges facts sufficient

to establish that Ekejija violated Section 10(b) and Rule 10b-5. *Id.* at 1175 (discussing that the second and third factors require a plaintiff to state a claim on which the plaintiff may recover); (*see* Mot. 8–11).

In contrast, the **fourth** *Eitel* factor does not weigh in favor of default judgment. This factor requires that the sum of money at stake be proportionate to the harm alleged, *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010), but the SEC fails to explain how the $195,047 civil penalty is "commensurate with the seriousness of Ekejija's misconduct," (*see* Mot. 11).

However, the **fifth** and **sixth** factors, which overlap in this case, favor default judgment. Ekejija's refusal to Answer the Complaint or comply with this Court's orders reduces the possibility of a material factual dispute and eliminates the possibility that the default was the result of excusable neglect. The Court has granted several extensions of time for Ekejija to respond to the Complaint; he has not met one deadline. At the hearing on this Motion—which occurred more than six months after Ekejija's response was first due—the Court very clearly ordered Ekejija to file, within seven days, a "document labeled Answer to Complaint" that addressed each and every paragraph in the complaint with "admit, deny, or lack sufficient information to admit or deny." Ekejija did not do so. Thus, there remains no genuine possibility of a dispute on the material facts or that the default is the result of excusable neglect.

**Finally**, the **seventh** *Eitel* factor weighs against default judgment, as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, Ekejija's refusal to Answer the Complaint "makes a decision on the merits impractical, if not impossible." *See PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, the seventh factor does not preclude default judgment. *See id.*

On balance, the *Eitel* factors favor entry of default judgment.

**C.    Rule 54(b)—No Just Reason for Delay**

Where multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In such cases, "default judgment should not be entered when the remaining defendants who are litigating the action are 'similarly situated, even if not jointly and severally liable,' since it would be 'incongruous' to enter judgment against a defaulting defendant if the answering defendant ultimately shows that the plaintiff[']s claim lacks merit." *Lopez v. Eng*, No. LACV 18-10022 JAK (RAOx), 2020 WL 8413525, at *1 (C.D. Cal. Oct. 9, 2020) (quoting *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532–33 (9th Cir. 2001)).

The SEC establishes there is no just reason to delay entry of default judgment against Ekejija. Ekejija, NVC Fund, and Johnson are similarly situated to the extent the SEC asserts they committed securities fraud via the scheme to falsely pump the issuers' stock and, while Johnson has answered the Complaint and asserted defenses, NVC Fund and Ekejija have both defaulted. (*See* Johnson Answer, ECF No. 37; Default NVC Fund, ECF No. 35; Default Ekejija.) However, as relevant here, the factual allegations and legal issues differ between Ekejija and Johnson in material aspects. Ekejija sourced and obtained the financial review and credit report underlying the false and misleading public statements; he also reviewed and approved the public statements despite knowing them to be false and material. In contrast, Johnson made the public statements Ekejija approved and he does not deny they were false; however, he does deny that he knew of the falsity. (*See, e.g.*, Johnson Answer ¶ 57.) If Johnson proves he lacked that knowledge, the Court could simultaneously find Johnson not liable and Ekejija liable for violating Section 10(b) or Rule 10b-5. Thus, a "uniform" finding of liability is not required in this case and the risk of inconsistent judgments is not sufficiently extreme to bar entry of default judgment. *See j2 Global Inc. v. Fax87*, No. 13-05353 DDP (AJWx), 2016 WL 7260588, at *3 (C.D. Cal. Dec. 15, 2016) (citing *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001)). Accordingly, the Court "concludes there is no just reason for delaying entry of final judgment against" Ekejija. *See id.*

### D. Permanent Injunction & Civil Penalty

The SEC requests that the Court enter a permanent injunction against Ekejija preventing him from violating Section 10(b) and Rule 10b-5 and order him to pay a $195,047 civil penalty. (Mot. 13–16.)

To obtain a permanent injunction against Ekejija, the SEC must establish "a reasonable likelihood of future violations of the securities laws." *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980); *see also* 15 U.S.C. §§ 77t(b), 78u(d). "In predicting the likelihood of future violations, a court must assess the totality of the circumstances surrounding the defendant and his violations." *Murphy*, 626 F.2d at 655. Courts consider the "*Murphy* factors": (1) the degree of scienter involved, (2) the isolated or recurrent nature of the misconduct, (3) the defendant's recognition of the wrongful nature of the conduct, (4) the likelihood that, because of the defendant's occupation, future violations may occur, and (5) the sincerity of the defendant's assurances (if any) against future violations. *See id.* Similarly, civil penalties are also imposed to deter the wrongdoer from comparable conduct in the future, so courts frequently apply the *Murphy* factors when assessing civil penalties as well. *See SEC v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1192 (D. Nev. 2009); *SEC v. Wayland*, No. SACV 17-01156-AG (DFMx), 2019 WL 2620669, at *8 (C.D. Cal. Apr. 8, 2019).

The totality of the circumstances here supports an injunction. The SEC's allegations establish Ekejija had a substantial degree of scienter, as he sourced and obtained the information underlying the false statements and knowingly reviewed and approved them. However, although Ekejija approved waves of false public statements, all the statements were part of a single scheme, which supports isolated, not recurrent, misconduct. Even so, Ekejija vigorously refuses to recognize the wrongful nature of his conduct, making it likely to recur, particularly in light of his ownership and control of NVC Fund. Finally, as he refuses to Answer the Complaint, Ekejija offers no assurances against future violations. Considering all of the above,

the *Murphy* factors suggest that future violations of the securities laws are likely and support imposition of a permanent injunction.

As to the civil penalty, however, the SEC fails to support its request. The Exchange Act and the Securities Act limit a penalty to the greater of either a specific statutory amount or "the gross amount of pecuniary gain to such defendant as a result of the violation." 15 U.S.C. §§ 78u(d)(3)(B), 77t(d)(2). The SEC fails to tie the requested civil penalty to a specific statute or Ekejija's pecuniary gain; indeed, the requested figure, $195,047, seems plucked from thin air. (*See* Mot. 15.) As the requested civil penalty is not supported, the Court denies the SEC's Motion as to the civil penalty.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS in part** the SEC's Motion for Default Judgment. (ECF No. 76.) Consequently, Ekejija's just-filed motion to dismiss is **DENIED as moot**. (ECF No. 86.) The Court will issue judgment.

**IT IS SO ORDERED.**

July 2, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**