MICHAEL R. SEW HOY (Cal. Bar No. 243391)
Email:  SewhoyM@sec.gov
ROBERTO A. TERCERO (Cal. Bar No. 143760)
Email:  TerceroR@sec.gov
MANUEL VAZQUEZ (Cal. Bar No. 295576)
Email:  VazquezM@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine E. Zoladz, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK JEVON JOHNSON, CHARLES EVERETT (aka CHARLY EVERETT), FRANK EKEJIJA, AND NVC FUND, LLC. <br><br> Defendants. | Case No. 2:20-cv-08985-ODW-DFMx <br><br> *DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. McCORMICK* <br><br> **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES FROM DEFENDANT PATRICK JEVON JOHNSON** <br><br> Date: August 31, 2021 <br> Time: 10:00 a.m. <br> Ctrm: 6B <br> Judge: Hon. Douglas F. McCormick <br><br> Fact Discovery Cutoff: 12/01/2021 <br> Pretrial Conference: 09/12/2022 <br> Trial Date: 10/04/2022 |

1    **<u>NOTICE TO DEFENDANT PATRICK JEVON JOHNSON</u>**

2         PLEASE TAKE NOTICE that on August 31, 2021, at 10:00 a.m., or as soon

3    thereafter as the matter may be heard, in the courtroom of the Honorable Douglas F.

4    McCormick, 411 W. 4th Street, 6th Floor, Courtroom 6B, Santa Ana, CA 92701,

5    Plaintiff Securities and Exchange Commission ("SEC") will and hereby does move

6    for an order compelling Defendant Patrick Jevon Johnson ("Johnson") to respond to

7    the SEC's First Set of Interrogatories to Defendant Patrick Jevon Johnson

8    ("Interrogatories") and First Set of Requests for Production to Defendant Patrick

9    Jevon Johnson ("RFPs") pursuant to Fed. R. Civ. P. 37 and C.D. Local Rule 37.

10   **I.    ISSUES IN DISPUTE**

11        Pro se defendant Johnson has steadfastly refused to cooperate in discovery.  As

12   set forth below and in the accompanying Declaration of Michael R. Sew Hoy,

13   Johnson has refused to participate in a pre-filing conference of counsel under L.R.

14   37-1, has failed to participate in the preparation of a joint stipulation pursuant to L.R.

15   37-2.2, has failed to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1),

16   has failed to comply with the Court's order requiring him to provide the initial

17   disclosures (Dkt. No. 75), and now has failed to provide responses to requests for

18   production and interrogatories.

19        Set forth below is the SEC's portion of the joint stipulation, which fully sets

20   forth the SEC's position.

21             **a.   Johnson's Failure to Provide Responses to RFPs and**

22                  **Interrogatories**

23        The SEC issued the RFPs and Interrogatories to Johnson on June 1, 2021.

24   Declaration of Michael R. Sew Hoy, filed herewith ("Sew Hoy Decl.") ¶ 4, Ex. 3

25   (RFPs), Ex. 2 (Interrogatories).  The SEC served Johnson the same day.  Sew Hoy

26   Decl. ¶ 4, Ex. 4.  Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure,

27   any response was due July 1, 2021.  Fed. R. Civ. P. 33(b)(2)(A), 34(b)(2)(A).  To

28   date, the SEC has received no production of documents to the RFPs or answers to

1   the Interrogatories from Johnson.  Sew Hoy Decl. ¶ 5.

2   ## II.      COMPLIANCE WITH LOCAL RULE 37

3          On July 2, 2021, the SEC sent a letter to Johnson, requesting to meet and

4   confer regarding the SEC's intention to move to compel responses to the RFPs and

5   Interrogatories.  *See* Sew Hoy Decl. ¶ 6, Ex. 5.  With that letter, the SEC counsel

6   attempted to resolve the discovery dispute by requesting that Johnson provide his

7   responses on or before July 9, 2021, otherwise the SEC would move to compel.  *Id.*

8   To date, Johnson has not responded to the SEC's request to meet and confer.

9   However, on July 2, 2021, Johnson sent to the SEC, by electronic mail, a document

10  titled "CONDITIONAL ACCEPTANCE OF SEC OFFER TO ANSWER THE

11  INTERROGATOERIES." *See* Sew Hoy Decl. ¶ 7, Ex. 7  (the "Johnson Document").

12  In the electronic mail, Johnson stated the SEC should "construe this to be my

13  response to your motion to compel."  Sew Hoy Decl. ¶ 7, Ex. 6.  In the Johnson

14  Document, he stated that he "conditionally accept[s] your offer to compel my

15  answers to your interrogatories. When the conditions and all demands listed below

16  are met I will answer you [sic] interrogatories within 30 calendar days of receipt of

17  the documents I herein demand."  *Id.* ¶ 7, Ex. 7.  The "conditions and [ ] demands,"

18  which had to be met by "14 July 2021, 5:00 PM CST," included, among other things,

19  answering interrogatories allegedly propounded by Defendant Frank Ekejija

20  ("Ekejija") and Johnson.  *Id.*  Johnson does not identify the interrogatories, nor are

21  any interrogatories identified in the Johnson Document, but, on June 2, 2021, the

22  Court struck interrogatories filed by both Johnson, Dkt. No. 77, and Ekejija, Dkt. No.

23  78. Dkt. No. 82.  Moreover, on February 22, 2021, the clerk defaulted Ekejija from

24  this matter, Dkt. No. 51, and the Court entered judgment against Ekejija on July 2,

25  2021, Dkt. Nos. 87, 88.  The Johnson Document further demands information on the

26  "Foreign Agent Registration Act of 1938," Sew Hoy Decl. 7, Ex. 7 at 1, and fraud

27  committed by the SEC upon the defendants, *id.* at 2, and demands that the SEC

28  "[d]eliver fruit meet for repentance" all before Johnson will properly respond to the

1  Interrogatories and the RFPs, *id.* at 3.

2       In a July 6, 2021 Order, the Court noted that Johnson filed a proof of service

3  wherein Johnson stated he filed the Johnson Document with the Court, but that "no

4  such document has been filed" and struck the proof of service document.  Dkt. No.

5  89.

6  **III.   THE SEC'S CONTENTIONS**

7          **a.  Procedural Posture of the Case**

8       The SEC filed its Complaint on September 30, 2020.  Dkt. No. 1.  Johnson was

9  served with the Complaint and Summons on October 4, 2020.  Dkt. No. 8.  His

10 response was due on October 26, 2020.  On October 26, 2020, Johnson submitted a

11 request for an extension of time, seeking an additional thirty days to respond to the

12 Complaint.  Dkt. No. 14.  The SEC did not oppose the extension, Dkt. No. 16, and on

13 October 30, 2020, the Court granted the extension, giving Johnson until November

14 24, 2020 to answer or otherwise respond, Dkt. No. 17.  Johnson answered on

15 December 7, 2020, and further sought to assert four, common law cross-claims

16 against another defendant, and three individuals who were not named in the

17 Complaint. Dkt. No. 37.  The SEC moved to strike or dismiss Johnson's cross-claims,

18 Dkt. No. 40, Johnson failed to respond to the SEC's motion, Dkt. No. 42, and on

19 January 25, 2021, the Court granted the SEC's motion, Dkt. No. 44.

20      On March 16, 2021, the Court issued the Scheduling and Case Management

21 Order, Dkt. No. 69.  Sew Hoy Decl., Ex. 8.

22      On April 12, 2021, the SEC moved to compel Johnson's initial disclosures

23 pursuant to Fed. R. Civ. P. 26(a)(1), Dkt. No. 73, and on May 11, 2021, the Court

24 granted this motion and ordered Johnson to provide initial disclosures, Dkt. No. 75.

25 On May 11, 2021, I provided the Court's order to Johnson.  Sew Hoy Decl. ¶ 3.  To

26 date, Johnson has failed to provide initial disclosures.  Sew Hoy Decl. ¶ 3.

27      The fact discovery cutoff date is December 1, 2021, the pretrial conference is

28 September 12, 2022, and trial is set for October 4, 2022.  Sew Hoy Decl., Ex. 8.

**b. Points and Authorities in Support of the SEC's Motion**

Rule 33 of the Federal Rules of Civil Procedure requires the "responding party" to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2)(A). With respect to requests for production, Rule 34 requires "[t]he party to whom the [discovery] request is directed … [to] … respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Rule 37(a)(3)(B) provides that a party may move to compel a discovery response if "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

The SEC served the Interrogatories and the RFPs on June 1, 2021. Johnson has failed to respond or answer the RFPs and Interrogatories within 30 days of being served and thus failed to comply with Rules 33 and 34 of the Federal Rules of Civil Procedure.[1] Accordingly, the Court should order Johnson to produce documents in response to the RFPs and answer the Interrogatories pursuant to Rule 37.

In addition, Johnson has waived all possible objections to the RFPs and Interrogatories through his failure to provide timely written responses to the SEC's requests. "If a party fails to file *timely* objections to [discovery] requests, such a failure constitutes a waiver of any objections which a party might have to the requests." *Ramirez v. County of L.A.*, 231 F.R.D. 407, 409-10 (C.D. Cal. 2005) (*citing Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (emphasis in original)); *see also Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) (concerning document requests); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in

---

[1] Johnson provided a "response" to Interrogatory 1, but did not verify his answer under oath. Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). *See* Sew Hoy Decl. ¶ 7, Ex. 7 at 4-6.

1   a timely objection is waived ….").  A party who fails to file timely objections waives

2   all objections, including those based on privilege or work product.  *Richmark Corp. v.*

3   *Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.), *cert. dismissed*, 506 U.S.

4   948 (1992) ("failure to object to discovery requests within the time required

5   constitutes a waiver of any objection").  Under the Federal Rules of Civil Procedure,

6   responses to the SEC's interrogatories and request for production of documents were

7   due 30 days after June 1, 2021, or by July 1, 2021.  Fed. R. Civ. P. 33(b)(2)(A),

8   34(b)(2)(A).  Johnson did not timely provide responses to the SEC's requests.  Sew

9   Hoy Decl. ¶ 5.  Accordingly, he has waived all objections to the requests.[2]

10         To the extent it is considered an objection to the RFPs and Interrogatories, the

11   Johnson Document is not an adequate response.  First, it is untimely, thereby waiving

12   any objections Johnson may have had.  *Ramirez*, 231 F.R.D. at 409-10.  The

13   responses to the RFPs and Interrogatories were due July 1, 2021.  The Johnson

14   Document was mailed on July 2, 2021.  Sew Hoy Decl. ¶ 5.  Second, it is insufficient.

15   The essence of Johnson's argument is that the SEC must meet Johnson's demands,

16   made on July 2, 2021, before Johnson responds to the RFPs and Interrogatories,

17   which were propounded on June 1, 2021.  Sew Hoy Decl. ¶ 7, Ex. 7 at 1-3.  That is

18

19   [2] Though Johnson has waived any objections, there can be no doubt that the RFPs and
20   Interrogatories seek relevant information.  Federal Rule of Civil Procedure 26(b)
     provides: "Parties may obtain discovery regarding any nonprivileged matter that is
21   relevant to any party's claim or defense and proportional to the needs of the case …."
     Fed. R. Civ. P. 26(b).  Relevancy, for purposes of Rule 26(b), is a broad concept that
22   is construed liberally.  *EEOC v. Lockheed Martin*, 2007 U.S. Dist. LEXIS 39342 (D.
     Haw. May 29, 2007).  "Relevance for discovery purposes is not to be limited to the
23   precise issues framed in the pleadings, but is to be measured by general relevance to
     the subject matter."  *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980) (*citing*
24   *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420 (N.D. Ill. 1977)); *In re*
     *Hawaii Corp.*, 88 F.R.D. at 524 ("[D]iscovery is important in determining the issues
25   to be tried, as well as in discovering evidence.") (*citing Oppenheimer Fund, Inc. v.*
     *Sanders*, 437 U.S. 340 (1978)).  Rules 33 and 34 permit any party to request
26   documents within the scope of Rule 26(b) from any other party.  Fed. R. Civ. P.
     33(a)(2), 34(a).  The RFPs and Interrogatories request documents related to defenses
27   raised in Johnson's answer, Dkt. No. 37, *see* Interrogatories 1-3, RFPs 1-3; potential
     witnesses at trial or dispositive motions, *see* Interrogatory 4, RFPs 4-11, 13-16; and
28   potential factual disputes relevant to the action, *see* RFPs 12, 17-23.  There can be no
     question, therefore, that the SEC's document requests seek relevant documents.

1  not how discovery proceeds under the Federal Rules of Civil Procedure and the

2  Court's Local Rules.  Nothing in the Federal Rules or the Local Rules requires a

3  propounding party to meet an answering party's subsequent demands before the

4  answering party meets his discovery obligations.  Indeed, this Court, like others,

5  discourages discovery on a "tit-for-tat" basis.  *Nat'l Acad. of Recording Arts & Scis.,*

6  *Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009).

7          Moreover, the Johnson Document "demands" are entirely speculative and

8  irrelevant.  Indeed, the Court has already struck two sets of the referenced

9  interrogatories.  *See* Dkt. No. 82 (striking, among other things, defendant Ekejija's

10  (Dkt. No. 78) and Johnson's (Dkt. No. 77 at 19-22) "Interrogatory Discovery

11  Regarding The Deprivation of Rights Under Color of Law, Violating The Clean

12  Hands Doctrine And Violating The Foreign Agent Registration Act of 1938").[3]  The

13  Court has also noted these same arguments in a recent order entering judgment

14  against defendant Ekejija.  *See* Dkt. No. 87 ("In the rejected and stricken filings, and

15  again at the hearing on the Motion, Ekejija argued that the SEC, and its attorneys

16  personally, are committing fraud and trespass against him and the court, and that the

17  SEC has no contract with him and was not damaged.… Regarding retaining legal

18  counsel, [Ekejija] wrote … every one of those attorneys are foreign agents,

19  specifically, foreign to the United States of America Republic.").

20          The Johnson Document demands similar information on the "Foreign Agent

21  Registration Act of 1938," Sew Hoy Decl. ¶ 7, Ex. 7 at 1, and fraud committed by the

22  SEC upon the defendants, *id.* at 2, and demands that the SEC "[d]eliver fruit meet for

23

24  _____

25  [3] Because the Court struck the "interrogatories," among other pleadings, three days
after the clerk docketed them, the SEC did not respond to them.  Dkt. No. 82.
Moreover, at the time of their filing, clerk defaults had been entered against both

26  Ekejija and NVC Fund, (Dkt. Nos. 35, 51), and Johnson neither served the
"interrogatories" upon the SEC nor had complied with the Court's May 11, 2021

27  Order Compelling Johnson to produce his initial disclosures (Dkt. No. 75).  Indeed,
Johnson still has yet to comply with the May 11, 2021 Order.

28

1    repentance" all before Johnson will properly respond to the Interrogatories and the

2    RFPs, *id.* at 3.[4]

3                    **c.  The SEC's Proposal for Resolution of this Dispute**

4         The SEC respectfully requests that the Court order Johnson to immediately

5    provide the SEC with documents in response to the RFPs and answers in response to

6    the Interrogatories.  If Johnson does not comply with such an order, and given

7    Johnson's continued failure to comply with the Court's prior order to provide initial

8    disclosures, the SEC requests that for the subjects of the Interrogatories and RFPs,

9    Johnson be precluded from seeking or offering testimony or evidence in any pleading

10    and at trial.

11    **IV.   JOHNSON'S CONTENTIONS**

12         As set forth in the supporting Sew Hoy Declaration, Johnson provided the

13    Johnson Document and stated that the SEC should "construe this to be my response

14    to your motion to compel."  Sew Hoy Decl. ¶ 7, Ex. 6.  Johnson did not respond to

15    the meet and confer, and did not provide his portion of the joint stipulation.  Sew Hoy

16    Decl. ¶¶ 6-10.

17

18    Dated:  July 23, 2021                         Respectfully Submitted,

19                                      */s/ Michael R. Sew Hoy*

                                     MICHAEL R. SEW HOY

20                                    ROBERTO A. TERCERO

                                   MANUEL VAZQUEZ

21                                    Attorneys for Plaintiff

                                   Securities and Exchange Commission

22

23

24

25

26

27

---

28

[4] To the extent required under the Federal Rules of Civil Procedure and the Local Rules, the SEC will respond to the information requested in the Johnson Document in a timely manner.

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 23, 2021, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES FROM DEFENDANT PATRICK JEVON JOHNSON** on all the parties to this action addressed as stated on the attached service list:

☒     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  July 23, 2021                                      */s/ Michael R. Sew Hoy*
                                                                  MICHAEL R. SEW HOY

1
2

*SEC v. Johnson, et al.*
**United States District Court – Central District of California**
**Case No. 2:20-cv-08985-ODW-DFM**

3

**SERVICE LIST**

4

5
6
7
8
9

Patrick Jevon Johnson (by U.S. mail and email)
1409 South Lamar Street, Unit 816
Dallas, TX 75215
-and-
304 S. Jones Blvd., Ste. 4283
Las Vegas, NV 89107
pjohnson364@gmail.com
*Defendant Patrick Jevon Johnson (Pro Se)*

10
11
12
13

Charles Everett (by U.S. mail and email)
36 York Dr.
Fort Worth, TX 76134
(817) 223-4430
ceverett.wmgc@gmail.com
*Defendant Charles Everett (Pro Se)*

14
15
16
17

Frank Ekejija (by U.S. mail and email)
2837 Singletree Cove
Cedar Hill, TX 75104
(214) 532-5773
fekejija@nvcfund.com
*Defendant Frank Ekejija (Pro Se)*

18
19
20
21
22

NVC Fund, LLC (by U.S. mail and email)
c/o Frank Ekejija
2837 Singletree Cove
Cedar Hill, TX 75104
(214) 532-5773
fekejija@nvcfund.com
*Defendant NVC, Fund LLC*

23
24
25
26
27
28