1
2
3
4
5
6
7
8

**JS-6**

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**SOUTHERN DIVISION**

12

13    SECURITIES AND EXCHANGE
      COMMISSION,

Case No. 2:20-cv-08985-FWS-DFM

14                          Plaintiff,

**FINAL JUDGMENT AS TO
DEFENDANT PATRICK JEVON
JOHNSON**

15           vs.

16    PATRICK JEVON JOHNSON,
      CHARLES EVERETT (aka CHARLY
17    EVERETT), FRANK EKEJIJA, AND
      NVC FUND, LLC.

18

19                          Defendants.

20
21
22
23
24
25
26
27
28

This matter came before the Court upon Plaintiff Securities and Exchange Commission's Motion for Default Judgment against Defendant Patrick Jevon Johnson ("Defendant").  The Court having considered the memoranda and evidence filed by the parties, and all other argument and evidence presented to it, and good cause appearing therefor:

**I.**

IT IS HEREBY ORDERED that the SEC's Motion is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

1

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

2

1    (b)    Unless a registration statement is in effect as to a security, carrying or

2           causing to be carried through the mails or in interstate commerce, by any

3           means or instruments of transportation, any such security for the purpose

4           of sale or for delivery after sale; or

5    (c)    Making use of any means or instruments of transportation or

6           communication in interstate commerce or of the mails to offer to sell or

7           offer to buy through the use or medium of any prospectus or otherwise

8           any security, unless a registration statement has been filed with the

9           Commission as to such security, or while the registration statement is the

10          subject of a refusal order or stop order or (prior to the effective date of

11          the registration statement) any public proceeding or examination under

12          Section 8 of the Securities Act [15 U.S.C. § 77h].

13   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

14   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

15   binds the following who receive actual notice of this Final Judgment by personal

16   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

17   attorneys; and (b) other persons in active concert or participation with Defendant or

18   with anyone described in (a).

19                                      **V.**

20   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

21   to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of

22   the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an

23   officer or director of any issuer that has a class of securities registered pursuant to

24   Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports

25   pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] for a period of

26   **ten (10) years** from the date of this Final Judgment.

27                                      **VI.**

28   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

3

1  Defendant is barred from participating in an offering of penny stock, including

2  engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading,

3  or inducing or attempting to induce the purchase or sale of any penny stock, for a

4  period of **ten (10) years** from the date of this Final Judgment.  A penny stock is any

5  equity security that has a price of less than five dollars, except as provided in

6  Rule 3a51-1 under the Exchange Act [17 C.F.R.§ 240.3a51-1].

7                                                     **VII.**

8          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

9  is liable for a civil penalty in the amount of $207,183 pursuant to Section 20(d) of the

10  Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

11  U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by paying $207,183 to the

12  Securities and Exchange Commission within 30 days after entry of this Final

13  Judgment.

14          Defendant may transmit payment electronically to the Commission, which will

15  provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also

16  be made directly from a bank account via Pay.gov through the SEC website at

17  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

18  check, bank cashier's check, or United States postal money order payable to the

19  Securities and Exchange Commission, which shall be delivered or mailed to

20          Enterprise Services Center

21          Accounts Receivable Branch

22          6500 South MacArthur Boulevard

23          Oklahoma City, OK 73169

24  and shall be accompanied by a letter identifying the case title, civil action number,

25  and name of this Court; Patrick Jevon Johnson as a defendant in this action; and

26  specifying that payment is made pursuant to this Final Judgment.

27          Defendant shall simultaneously transmit photocopies of evidence of payment

28  and case identifying information to the Commission's counsel in this action.  By

4

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a

1   private damages action brought against Defendant by or on behalf of one or more

2   investors based on substantially the same facts as alleged in the Complaint in this

3   action.

### VIII.

5      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

6   shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

7   Final Judgment.

### IX.

9      There being no just reason for delay, pursuant to Rule 54(b) of the Federal

10  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith

11  and without further notice.

13  DATED: March 22, 2023

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE